```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                                  :
IMPACTOFFICE LLC, et al.
                                  :
     v.                           :  Civil Action No. DKC 16-1814
                                  :
W.B. MASON CO., INC., et al.
                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion for sanctions filed by Defendants W.B. Mason Co., Inc., Daniel Chamberlin, and Angela Dunham ("Defendants"). (ECF No. 50). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for sanctions will be denied.

**I.   Background**

On June 2, 2016, Plaintiffs ImpactOffice LLC, ImpactOffice Group LLC, and Office Essentials, Inc. ("Plaintiffs" or "Impact") filed this breach of contract case in state court, alleging that Plaintiffs' former employees, Defendants Chamberlin and Dunham, breached their non-solicitation and non-compete agreements by working for Defendant W.B. Mason. Plaintiffs also brought claims of tortious interference with contractual relations and tortious interference with prospective

advantage against Defendant W.B. Mason. (ECF No. 2).[1] Plaintiffs were granted a temporary restraining order the same day, and, also on June 2, Defendants removed the case to the United States District Court for the District of Maryland. (ECF No. 1).

This case was litigated for two months before it was voluntarily dismissed. Plaintiffs filed a motion to remand (ECF No. 23), and a motion for a temporary restraining order (ECF No. 24), both of which were denied following a hearing on June 16 (ECF No. 36). On June 28, Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 42). Plaintiffs filed both a response in opposition (ECF No. 44) and an amended complaint (ECF No. 43) on July 15. The filing of the amended complaint rendered Defendants' motion to dismiss moot, and Defendants' motion was accordingly denied as moot. (ECF No. 46). Defendants then filed a motion to dismiss Plaintiffs' amended complaint on July 19. (ECF No. 45). On August 2, 2016, Plaintiffs filed a notice of voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). (ECF No. 47). As no answer to the original or amended complaint or

---

[1] In addition, Plaintiffs named former employee Constance Greer as a defendant in the original complaint. (ECF No. 2). Defendant Greer had previously filed a declaratory judgment action against Plaintiffs in state court on these same issues, and accordingly moved to dismiss the complaint against her. (ECF No. 6). Defendant Greer's motion was granted on June 16. (ECF No. 36).

motion for summary judgment had been filed, the notice was approved, and Plaintiffs' case was closed.[2] (ECF No. 49).

On August 16, 2016, Defendants filed the instant motion for sanctions, seeking costs and fees pursuant to 28 U.S.C. § 1927 or the inherent power of the court to impose sanctions. (ECF No. 50). The court invited Plaintiffs to respond to Defendants' motion, *see* Local Rule 105.8, and Plaintiffs filed a response in opposition (ECF No. 52). Defendants replied. (ECF No. 54).

Both Plaintiffs and Defendants argue that the parties' actions must be considered in light of related litigation. Shortly after removal, Plaintiffs moved to consolidate this case with two others: *ImpactOffice LLC et al. v. Hard, et al.*, No. DKC-16-1675 (D.Md.), and *Chapman et al. v. ImpactOffice LLC*, No. TDC-16-1851 (D.Md.). Plaintiffs voluntarily dismissed this case before the motion to consolidate was decided. Also pending are *ImpactOffice LLC v. Siniavsky*, No. TDC-15-3481 (D.Md.), *Paul v. ImpactOffice, LLC*, No. DKC-16-2686 (D.Md.), and at least one state court case related to these issues (*see* ECF No. 54, at 9). The litigation in *Hard* followed a similar track to this case and was also voluntarily dismissed by Plaintiffs on August 2. Plaintiffs' counsel also represented Impact in *Hard*, and the

---

[2] Although Plaintiffs have voluntarily dismissed this case without prejudice, the court retains jurisdiction to resolve the issue of sanctions. *See, e.g.*, *Cooter & Gell. v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

3

Defendants here and the defendants in *Hard* were represented by the same attorneys. Although the cases were not consolidated, Defendants in this case and in *Hard* filed nearly identical motions for sanctions on August 16, and Plaintiffs filed nearly identical oppositions. Moreover, on August 3, the day after Plaintiffs' notice of voluntary dismissal, Defendants Chamberlin and Dunham, together with *Hard* defendants James Hard and Melissa Edwards, filed a complaint against Plaintiffs, seeking declaratory judgment on the issues raised in the instant case. Complaint, *Hard et al. v. ImpactOffice LLC et al.*, No. TDC-16-2751 (D.Md. Aug. 3, 2016), ECF No. 1. On August 8, another former Impact employee filed a lawsuit against Plaintiffs, Complaint, *Levin v. ImpactOffice LLC et al.*, No. DKC-16-2790 (D.Md. Aug. 8, 2016), ECF No. 1; two days later, Defendants Chamberlin and Dunham, Mr. Hard, and Ms. Edwards voluntarily dismissed their suit and joined *Levin* as plaintiffs, Amended Complaint, *Levin*, No. DKC-16-2790 (D.Md. Aug. 10, 2016), ECF No. 3.

## II. Standard of Review

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 was intended to

sanction conduct Rule 11 does not reach; *i.e.,* protracting or multiplying the litigation to run up the opposing party's costs, remedied by awarding *excess* attorneys' fees and costs." *Bakker v. Grutman,* 942 F.2d 236, 242 (4th Cir. 1991).  The § 1927 inquiry "focuses on the conduct of the litigation and not on its merits."  *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999) (noting that "an attorney who files a meritorious claim and wins a substantial verdict may still be assessed sanctions under § 1927").  The imposition of sanctions under § 1927 requires a finding of bad faith on the part of the attorney. *EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991).  Bad faith may be found when, for example, "the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay," *Griffin Whitaker, LLC v. Torres*, No. DKC 10-0725, 2010 WL 3895384, at *5 (D.Md. Oct. 1, 2010) (quoting *Dobkin v. Johns Hopkins Univ.*, Civ. No. HAR 93-2228, 1995 WL 167802, at *2 (D.Md. Mar. 24, 1995)), or when "duplicative or unnecessary filings" are made, *Hunt v. Lee*, 166 F.App'x 669, 671 (4th Cir. 2006).

Alternatively, Defendants seek sanctions pursuant to the inherent power of the federal courts to sanction bad faith litigants.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46

5

(1991) (noting that courts may impose sanctions where "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975))); *Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980). Unlike sanctions pursuant to § 1927, which may only be imposed on counsel, the court may impose such sanctions on a party or counsel. *See Blue v. U.S. Dep't of Army*, 914 F.2d 525, 533 (4th Cir. 1990). An award under the court's inherent power also requires a finding of bad faith. *See Roadway Express, Inc.*, 447 U.S. at 766-67; *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) ("An equity court has the unquestioned power to award attorney's fees against a party who shows bad faith by delaying or disrupting the litigation[.]"); *Brubaker*, 943 F.2d at 1382. Sanctions are to be imposed sparingly. *See, e.g.*, *Jacobs v. Venali, Inc.*, 596 F.Supp.2d 906, 914 n.10 (D.Md. 2009).

**III. Analysis**

Defendants hypothesize that Plaintiffs' actions throughout this litigation were intended to delay the adjudication of the merits of its restrictive covenants in order to facilitate the July sale of the company. (ECF No. 50-1, at 14). Defendants argue that sanctions are warranted because Plaintiffs promptly brought the case and "[u]se[d] the [l]itigation to its [s]trategic [a]dvantage" (*id.* at 3, 5); continued to litigate

6

following the denial of a temporary restraining order (*id.* at 6-7, 14); "strategically timed" the filing of the amended complaint and notice of dismissal to cause delay (*id.* at 7-8, 12-13, 15), and filed a "contradictory" motion to consolidate in another case (*id.* at 8-10, 15).  Defendants further argue that Plaintiffs' actions following the dismissal of this case evince bad faith.  (*Id.* at 13).

The conduct of Plaintiffs and Plaintiffs' attorneys does not meet the standard of bad faith necessary to support sanctions under § 1927 or the inherent authority of the court.  Taking Defendants' arguments in turn, they first allege that Plaintiffs improperly "rushed" into state court to file the complaint in this and a related case and to "immediately seek a temporary restraining order."  (*Id.* at 4).  The timely filing of a complaint clearly does not merit sanctions.  The crux of Defendants' argument appears to be that Plaintiffs improperly filed piecemeal litigation, but each of the pending cases — half of which were filed by former Impact employees, not by Plaintiffs — involved different defendants who resigned from Impact at different times.  Moreover, Plaintiffs promptly moved to consolidate the cases once they were removed to federal court.

Defendants next suggest that sanctions are warranted because Impact "repeatedly voiced its intent to continue to

pursue the litigation" following the denial of its motion for a temporary restraining order. (*Id.* at 6-7).[3] While the likelihood of success on the merits is one of the factors considered on such a motion, a denial of a temporary restraining order is not a decision on the merits. The court did note, "some of the provisions in these agreements . . . cause me to question whether they are overbroad," and described the non-compete clauses as "problematic," (ECF No. 50-4, at 15), but the court also found that Plaintiffs had not shown that money damages would be insufficient in denying the motion (*id.* at 16). The decision to continue to pursue a case following the denial of injunctive relief cannot, standing alone, be construed as a necessarily bad faith attempt to multiply the proceedings.

Defendants characterize the filing of Plaintiffs' amended complaint and the filing of its notice of voluntary dismissal, each filed on the day Plaintiffs' responses in opposition to Defendants' motions to dismiss were due, as "strategically timed" in "a concerted effort by Impact to delay the Court's rulings." (ECF No. 50-1, at 7). A party is expressly permitted

---

[3] Defendants cite an internal email to Plaintiffs' employees regarding the status of the litigation, which noted that the temporary restraining order had been denied but that a ruling had not yet been made on the enforceability of the agreements, and expressed that Impact would "continue to take all steps necessary to enforce our agreements." (ECF No. 50-1, at 7). Impact's internal communication with its employees does not show that counsel unreasonably protracted or multiplied the proceedings in this case or that Plaintiffs acted in bad faith.

to respond to a motion to dismiss by filing an amended complaint. Fed.R.Civ.P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)[.]"). "A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings." Fed.R.Civ.P. 15(a) advisory committee's note to 2009 amendment. Defendants made their own strategic decision to file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) in lieu of filing an answer to Plaintiffs' complaint, as permitted by the Federal Rules of Civil Procedure, and Plaintiffs were similarly permitted by the Rules to amend in lieu of filing an opposition. This amendment does not show bad faith, and if anything suggests an effort to streamline, rather than protract, the proceedings.[4]

---

[4] Plaintiffs also filed a response in opposition to the motion to dismiss the same day it filed the amended complaint. While such filing was unnecessary, as the filing of the amended complaint rendered Defendants' motion to dismiss moot, Plaintiffs aver that they filed the response "out of an abundance of caution and as not to create delay if the motion to dismiss was not deemed moot" (ECF No. 52, at 11). As the response and amended complaint were filed simultaneously, Defendants could not have reasonably incurred excess costs as a result.

Plaintiffs were similarly entitled to dismiss the action without a court order by filing a notice of dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), which allows plaintiffs to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"[5] Defendants object to the dismissal given the two months spent in litigation and the lack of a "warning." (ECF No. 50-1, at 8). They further argue that the dismissal did not comport with the intention of Fed.R.Civ.P. 41(a)(1)(A)(i), "to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." (*Id.* at 13 (quoting *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971))). In *Armstrong*, the plaintiff's notice of voluntary dismissal of his amended complaint was vacated because an answer had been served and a motion for summary judgment had been filed, heard, and adjudicated regarding the plaintiff's original complaint. *Armstrong*, 453 F.2d at 915-16. Here, however, it is uncontested that Defendants had not yet served an answer or a motion for summary judgment to the original or amended complaint. The

---

[5] Defendants emphasize that Plaintiffs filed their notice on the day their opposition to the motion to dismiss was due (ECF No. 54, at 4), but Plaintiffs could also have filed an opposition and awaited Defendants' reply to file their notice, creating further delay and costs for Defendants.

10

litigation in this case proceeded for only two months; the case was not dismissed shortly before trial, *see Shank v. Eagle Techs., Inc.*, No. CIV.A. RWT-10-2231, 2013 WL 4442033, at *1, 12-14 (D.Md. Aug. 15, 2013), *R. & R. adopted by* No. CIV.A. RWT 10-2231, 2013 WL 5487865 (D.Md. Sept. 30, 2013) (recommending sanctions where stipulations of dismissal were filed one and two days before first day of jury trial and other actions of counsel warranted sanctions), or after a summary judgment hearing, *see Harris v. Bank of Delmarva*, No. MJG-13-2999, 2015 WL 847389, at *3 (D.Md. Feb. 25, 2015), as in the cases on which Defendants rely (ECF No. 50-1, at 13-14). Defendants' objection essentially appears to be to the Rules themselves, which plainly permit Plaintiffs' action.[6] Plaintiffs' timely filings provide no evidence that Plaintiffs or counsel acted in bad faith to protract the proceedings.[7]

---

[6] Moreover, Fed.R.Civ.P. 41(a) permits a plaintiff to dismiss an action at this stage "without prejudice." Thereafter, a plaintiff who subsequently files an action based on or including the same claim against the same defendant may be ordered to pay the costs of the previous action under Fed.R.Civ.P. 41(d). The rule, then, contemplates that in the normal case the costs of a voluntarily dismissed action may be awarded, but only if a plaintiff files the same claim again. Costs as a sanction for dismissal arise only if a new action is filed by the same party. Here, it is Defendants, not Plaintiffs, who have filed a new action including the same issues.

[7] Defendants also suggest that Plaintiffs sought to delay the proceedings by filing a motion to consolidate in *Chapman* while the motion to consolidate in this case was pending. (ECF

Defendants further argue that the voluntary dismissal itself makes it "apparent" that the "entire proceeding was entirely duplicative and unnecessary." (ECF No. 50-1, at 12-13). Such a holding would expose the attorneys of any plaintiffs who voluntarily dismissed their action to sanctions. A violation of the Rules may not be necessary for § 1927 sanctions, but neither should the action of a party that is expressly permitted by the Rules be the sole basis for the imposition of sanctions on counsel. Defendants' argument would put attorneys in the impossible position of being subject to sanctions if their clients chose to withdraw their case after counsel had "pursued the matter actively" (ECF No. 54, at 4), as of course they are ethically required to do.

Finally, Defendants cite an internal email Plaintiffs sent to its employees the day after the voluntary dismissal that stated, "we will continue to take every step to enforce our agreements[.]" (ECF No. 50-5, at 2). Defendants argue that

---

No. 50-1, at 15). United States District Judge Theodore D. Chuang ordered that "ImpactOffice LLC is directed to file the Motion to Consolidate described in the Pre-Motion Conference by **July 19, 2016**." Order, *Chapman*, No. TDC-16-1851 (D.Md. July 19, 2016), ECF No. 27. Plaintiffs accordingly filed a motion to consolidate in *Chapman*. Motion to Consolidate Cases, *Chapman*, No. TDC-16-1851 (D.Md. July 19, 2016), ECF No. 28. Defendants aver that this order was issued "not because [Judge Chuang] was directing the parties to file the motions, but because the schedule he was ordering was what was discussed and agreed upon during the conference." (ECF No. 54, at 5-6). Regardless, Plaintiffs' counsel's compliance with the plain text of a court order in a different case cannot merit § 1927 sanctions.

Defendants further argue that the voluntary dismissal itself makes it "apparent" that the "entire proceeding was entirely duplicative and unnecessary." (ECF No. 50-1, at 12-13). Such a holding would expose the attorneys of any plaintiffs who voluntarily dismissed their action to sanctions. A violation of the Rules may not be necessary for § 1927 sanctions, but neither should the action of a party that is expressly permitted by the Rules be the sole basis for the imposition of sanctions on counsel. Defendants' argument would put attorneys in the impossible position of being subject to sanctions if their clients chose to withdraw their case after counsel had "pursued the matter actively" (ECF No. 54, at 4), as of course they are ethically required to do.

Finally, Defendants cite an internal email Plaintiffs sent to its employees the day after the voluntary dismissal that stated, "we will continue to take every step to enforce our agreements[.]" (ECF No. 50-5, at 2). Defendants argue that

---

No. 50-1, at 15). United States District Judge Theodore D. Chuang ordered that "ImpactOffice LLC is directed to file the Motion to Consolidate described in the Pre-Motion Conference by **July 19, 2016**." Order, *Chapman*, No. TDC-16-1851 (D.Md. July 19, 2016), ECF No. 27. Plaintiffs accordingly filed a motion to consolidate in *Chapman*. Motion to Consolidate Cases, *Chapman*, No. TDC-16-1851 (D.Md. July 19, 2016), ECF No. 28. Defendants aver that this order was issued "not because [Judge Chuang] was directing the parties to file the motions, but because the schedule he was ordering was what was discussed and agreed upon during the conference." (ECF No. 54, at 5-6). Regardless, Plaintiffs' counsel's compliance with the plain text of a court order in a different case cannot merit § 1927 sanctions.

this email is inconsistent with the voluntary dismissal and merits § 1927 sanctions. (ECF No. 50-1, at 13). It is illogical to contend that this internal document multiplied the proceedings in the closed case, however, and the email does not show that counsel or Plaintiffs acted in bad faith. Defendants Chamberlin and Dunham had, in fact, filed suit against Plaintiffs on August 3, and Plaintiffs were already involved in other pending suits related to the same covenants. The email, then, may suggest that Plaintiffs were prepared to defend against the newly filed suit and intended to continue to pursue or defend against the other pending matters, but it does not show that Plaintiffs or counsel acted in bad faith here.

Accordingly, there is no basis for finding that Plaintiffs' counsel unreasonably and vexatiously multiplied the proceedings or acted in bad faith, and Defendants' motion for sanctions pursuant to § 1927 will be denied. Given the high standard required and the lack of evidence that Plaintiffs or counsel acted in bad faith, the court will also exercise its discretion not to award sanctions at this time.

Plaintiffs have requested an award of fees and costs in connection with the expense of opposing Defendants' motion for sanctions, pursuant to Local Rule 105.8. (ECF No. 52, at 34). The local rule provides that courts "will consider in appropriate cases imposing sanctions upon parties who file

13

unjustified sanctions motions." Local Rule 105.8(a). Although Defendants' motion will be denied, it would not be appropriate to award sanctions to Plaintiffs here, and Plaintiffs' request will be denied.

## IV. Conclusion

For the foregoing reasons, the motion for sanctions filed by Defendants W.B. Mason Co., Inc., Daniel Chamberlin, and Angela Dunham will be denied. A separate order will follow.

```
                                    /s/
                        DEBORAH K. CHASANOW
                        United States District Judge
```